UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
STEPHON EDWARDS,

              Petitioner,

-against-

STATE OF NEW YORK,

              Respondent.
----------------------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**

24-CV-3358 (NRM)

NINA R. MORRISON, United States District Judge:

On May 7, 2024, Mona Singletary, proceeding *pro se*, filed a petition for a writ of habeas corpus on behalf of her nephew Stephon Edwards ("Petitioner"), who is currently detained in the Special Housing Unit at the Central New York Psychiatric Center. ECF No. 1, Petition for Writ of Habeas Corpus (the "petition") at 1.[1] The $5.00 filing fee was paid. For the reasons discussed below, the petition is dismissed without prejudice to file an amended petition within 60 days of this Order.

Prior to issuing this Order, the Court attempted to hold a conference to learn more about the bases for Ms. Singletary's filing on behalf of her nephew and explain the reasons why the Court was dismissing the petition; however, Ms. Singletary did not provide any of her own contact information (such as an address or phone number) to the Court at the time of filing, and simply listed her nephew's address at the Central New York Psychiatric Center.

---

[1] All page references use ECF pagination except where noted.

1

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Petitioner Stephon Edwards was convicted on July 19, 2013, after a jury trial in Kings County Supreme Court, of two counts of criminal sexual act in the first degree. Petition at 1-2. On August 3, 2022, the Appellate Division, Second Department, affirmed the conviction. *People v. Edwards*, 172 N.Y.S.3d 466, 468 (App. Div. 2022). On February 14, 2023, the New York Court of Appeals denied leave to appeal. *People v. Edwards*, 204 N.E.3d 1066 (N.Y. 2023). Because this petition was filed on May 7, 2024, which was within ninety days of the date that the Court of Appeals denied leave to appeal, it appears that the petition is timely. *See* 28 U.S.C.

§ 2244(d)(1); *Smith v. Johnson*, No. 21-CV-00316 (HG), 2022 WL 4586305, at *1 (E.D.N.Y. Sept. 29, 2022) (noting that "the one-year limitations period provided in section 2244(d)(1)(A) is correctly read as running after the ninety days a person incarcerated in state prison might petition for a writ of certiorari" (citing *Clay v. United States*, 537 U.S. 522, 528 n.3 (2003))).

A petition for writ of habeas corpus may be brought either "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. "It is possible for a 'next friend' to seek habeas corpus relief on behalf of another person who is in custody." *Rodriguez v. Orange Cnty. Corr. Facility*, No. 1:23-CV-0242 (JGK), 2023 WL 317692, at *3 (S.D.N.Y. Jan. 19, 2023). When the petition is brought by a person other than the prisoner, that "next friend" must demonstrate that he or she has standing to act on the prisoner's behalf. As the Supreme Court has explained:

> First, a "next friend" must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990) (citations omitted). Thus, "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

In this case, Petitioner's aunt notes that he is currently in a psychiatric hospital. Petition at 13, 14. However, she does not provide any explanation as to why Petitioner cannot file his petition on his own behalf. While the Court certainly

3

understands the reasons why his aunt might be concerned about Petitioner's ability to pursue his own habeas corpus petition if his mental health is currently compromised, the law requires her to provide more specific facts about the petitioner's status and the reasons why she seeks to proceed on his behalf before the Court can allow a family member or other person to proceed in his place. *See Rodriguez*, 2023 WL 317692, at *3 (denying "next friend" standing where "there is nothing included in the present petition showing why Petitioner is unable to seek such relief for himself, why the proposed next [friend] is dedicated to Petitioner's cause, or what relationship, if any, the proposed next friend has with Petitioner"); *Pritchard v. Jones*, No. 3:24-CV-1103, 2024 WL 3595923, at *2 (D. Conn. July 31, 2024) (denying "next friend" standing where proposed next friend provided description identifying himself but "petition includes no information showing how this description supports a significant relationship with [petitioner]"). Indeed, "even close family members have been denied 'next friend' status." *Pritchard*, 2024 WL 3595923, at *2 (citing *Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123 (2d Cir. 2005) (denying "next friend" standing to sister of death row inmate) and *Ross ex rel. Ross v. Rell*, 392 F. Supp. 2d 224, 227 (D. Conn. 2005) (denying "next friend" standing to father of death row inmate)).

Thus, without any more facts in the petition as to why Petitioner is not able to appear on his own behalf, the Court lacks jurisdiction to consider this petition. *See Vassel v. Toulon*, No. 18-CV-2238 (KAM), 2018 WL 2766142, at *2 (E.D.N.Y. June 8, 2018) (finding that party had "not met his burden [to] establish the propriety of his

4

status to appear as 'next friend' and that [he] lack[ed] standing to bring a habeas corpus application on behalf of petitioner"); *Wang v. City of New York*, No. 08-CV-4258 (DLI), 2009 WL 705966, at *1 (E.D.N.Y. Mar. 16, 2009) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." (alteration in original) (quoting *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)).

## CONCLUSION

Accordingly, for the reasons set forth above, Singletary may not file the instant habeas corpus petition as "next friend" to Stephon Edwards and, therefore, the petition for a writ of habeas corpus is dismissed without prejudice.

If Petitioner wishes to proceed on his own behalf in this action, he must sign and submit an amended petition; if Petitioner's Aunt wishes to proceed as a "next friend" and pursue habeas corpus relief on Petitioner's behalf, she must submit an amended petition that includes an adequate explanation as to why Petitioner cannot proceed on his own behalf and indicate that she has authority to act.

The amended petition must be submitted to this Court **within 60 days of the date of this order,** be captioned as an "Amended Petition," and bear the same docket number as this order. A 2254 petition form is attached to this order, which should be completed as specified above.

The Clerk of Court is respectfully directed to mail a copy of the instant Order and a copy of a writ of habeas corpus § 2254 form petition to Petitioner.

A certificate of appealability shall not issue, as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253. Although the filing fee was paid to commence this action, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).

The Clerk of Court is respectfully directed to close this case, and to mail a copy of this Order to Stephon Edwards, noting the mailing on the docket.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: December 30, 2024
      Brooklyn, New York

6