UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X
STEPHON EDWARDS, *by his next friend*,
MONA SINGLETARY,

        Petitioner,                **ORDER**

    -against-                    24-cv-3358 (NRM)

STATE OF NEW YORK,

        Respondent.
───────────────────────────────X

**NINA R. MORRISON**, United States District Judge:

    By Order dated December 30, 2024, ECF No. 3, this Court dismissed the instant petition because Mona Singletary, who filed the instant petition on behalf of her nephew Stephon Edwards ("Petitioner") and wishes to proceed as Petitioner's next friend, had not sufficiently explained why Petitioner was unable to represent himself.

    Ms. Singletary has now filed a motion to reconsider. ECF No. 4. In her motion and a subsequent status letter, ECF No. 5, Ms. Singletary informed the Court that Petitioner has been diagnosed with paranoid schizophrenia and represented that he has been held in solitary confinement or psychiatric facilities for most of his incarceration. She further characterized these conditions of confinement as "restrictive and isolating," ECF No. 4 at 1, and described Petitioner's mental health condition as "severe," ECF No. 5 at 1. Ms. Singletary also represented that she is Petitioner's aunt and that she has been in communication with Petitioner about his wishes with respect to the instant petition, to the extent she is able to communicate

1

with him at any given time in light of his confinement and mental health status. ECF No. 5 at 1–2. Respondent takes no position on the motion for reconsideration. *See generally* Resp., ECF No. 7.

The Court finds that Ms. Singletary, as Petitioner's next friend, has now made a satisfactory showing that Petitioner is unable to represent himself and that she brings this petition "in his behalf," as required by 28 U.S.C. § 2242. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990) (noting that next friend status requires the next friend "provide an adequate explanation . . . why the [petitioner] cannot appear on his own behalf to prosecute the action," that the next friend "must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate," and suggesting that a next friend "must have some significant relationship with the [petitioner]"). Accordingly, Ms. Singletary's motion for reconsideration is GRANTED.

Further, upon the instant petition for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, it is hereby ORDERED that:

1. Respondent shall show cause before this Court, by the filing of a return to the petition, why a writ of habeas corpus should not be issued. By March 30, 2026, Respondent shall serve a copy of the return on Petitioner herein and his next friend and file the original thereof with the Court, together with proof of service;

2. Simultaneously, Respondent shall file the state court record including the trial transcript and record; copies of Petitioner's and the District Attorney's briefs on appeal; briefs in connection with any proceedings

        pursuant to an application for a writ of error coram nobis; and all relevant state court decisions and opinions, with no individual attachment exceeding twenty (20) megabytes;

3. Petitioner, through his next friend, by twenty-one days from the date of service of the return, shall file a reply, if any, with the Court, and may seek an extension of this deadline if she requires additional time to prepare and file the reply.

Moreover, the Court notes that Ms. Singeltary has incorrectly named the State of New York as Respondent in this action. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"). "In a habeas case such as this one, the appropriate respondent is the warden or superintendent of the institution in which Petitioner is confined." *Smith v. New York*, No. 13-CV-8423 (NSR) (JCM), 2017 WL 3917707, at *1 n.2 (S.D.N.Y. Jan. 9, 2017), *report and recommendation adopted sub nom. Smith v. Schneiderman*, 2017 WL 3917606 (Sep. 5, 2017). In light of Petitioner's *pro se* status, the Court will treat the petition as if Petitioner had named the correct Respondent. *Bell v. Ercole*, 631 F. Supp. 2d 406, 411 n.1 (S.D.N.Y. 2009)

Counsel for Respondent is respectfully directed, by letter filed to the docket on or before February 12, 2026, to identify the facility where Petitioner is confined and the warden or superintendent of that facility.

The Clerk of Court is respectfully directed to amend the caption in this case to reflect Ms. Singletary's role as next friend and to update the docket with her mailing

address, as reflected in her status letter dated November 21, 2025.  ECF No. 5 at 2.

The Clerk of Court is further respectfully directed to mail copies of this Order to both

*pro se* Petitioner and his next friend, and note the mailing on the docket.


SO ORDERED.

                                                          */s/ Nina R. Morrison*
                                                    NINA R. MORRISON
                                                    United States District Judge


Dated: January 29, 2026
       Brooklyn, New York